Good afternoon. The first case this afternoon is in the interest of K.C., S.Y. and J.Y. Justice Goldenberg is not here. He will listen to the argument and read the briefs and participate. Mr. Milner, you may proceed. Thank you, Your Honor. May the police and court help me? My name is Bill Milner and I represent the mother of this appeal out of Marion County. I was not the attorney that handled this case. I was court appointed following the decision of the court and reviewed the record, of course, and we have presented our brief to the court. Your Honor, what I wanted to say to the court before I started, I think these matters are very well set out in the briefs. I think the issues that should have been raised have all been raised by the state as well as us. Opposing counsel, or I mean counsel for father, is not here to weigh the argument because he's involved in a murder trial in Marion County, and we have had several continuances in this case, so I do understand that. Basically, though, our positions are the same on the first three issues in each brief. Then we each have a different issue regarding our respective clients. Mother has a basic argument that she had made reasonable progress, shouldn't have been terminated. Father's argument is that he was denied the right to represent himself and adequately prepare, and I'm sure Your Honors have read that, and I won't be arguing anything really on behalf of the other client, but the first three issues are essentially the same. Basically, Your Honors, what we have here is a situation where the judge, the children, of course, were adjudicated. The parents were ordered to undergo service plans. The court, of course, has all those in the record as well. After a period of time, then, the state chose to terminate parental rights with regard to these parents. At that time, a hearing was set before the Honorable Judge Todd. And how long after adjudication was the petition filed for termination? I can tell you that very quickly. I don't have a date off the top of my head. Just about how long? After adjudication, okay, the children were adjudicated on November 30th of 2011. The dispositional hearing was then January 4th of 2012. And then the state eventually filed the petition to terminate July 24th of 2013. So a considerable period of time had passed. At the first hearing on the petition to terminate, the court heard the evidence. If you review it, evidence was taken down. Following that hearing, he made a finding of unfitness and terminated parental rights. There was no best interest hearing held. There were orders or motions filed by defense counsel in those cases. Basically, the state's attorney agreed that that order had to be vacated. And it was vacated. No agreement by any defense attorney that the fitness portion of it would still stand. The state even agreed that that order should be vacated on the record. Instead, he felt like the unfitness portion could still be relied upon. But they just vacated the entire order. At that point in time, they then moved on and held a best interest hearing at a later date. At the best interest hearing, they presented evidence from one witness. There was evidence that Mother was doing several of the things that she should be doing. The judge at that point in time, after hearing all the evidence, and that was the only witness really called by the state, was the DCFS worker. And at the end of the case, or that particular hearing, the judge took it under revisement. And he had it under revisement. And at a point in time then, you know, we can't read the judge's mind. But he entered a milk pro tonic order on the unfitness portion. Well, let me just back up here because I want to make sure I understand the timing. First, the judge, he had an unfitness hearing. Well, we're not sure it was. Well, the very first thing was an unfitness hearing. Right. And he could have just entered a finding of parental fitness or unfitness, whatever. But instead, he found the parents unfit and terminated parental rights without a best interest hearing. Then that entire order was vacated. Correct. Presumably because the judge just made a docket entry or whatever and said order entered, says some such date, vacated. Correct. Then it was set for a best interest hearing. Correct. Which usually follows the unfitness hearing. Correct. And my understanding was then he entered an order then terminating. He did. You know, and it was after that. Then it was raised, wait a minute, there was no predicate order of unfitness on file because you vacated that. Correct. And then at the end, he came back and entered a non-protonic order on unfitness. That's correct. That's what he did. Okay. So our position is, number one. And no doubt this is kind of a procedural mess. It is a mess, Your Honor. But tell me how your client was prejudiced. All right. The manner in which the client is prejudiced is if you look at this record, there's really nothing setting forth what standards were used when making these conclusions or these findings. In other words, it has to be clear and convincing on one hand. Then it has to be best interest on the other. The problem with that is even in the best interest hearing, there are specific factors to go through. Those aren't delineated. Did he say these parents want to adopt this kid, they love him, they've been with him a long time? Yes. But not much more than that. And I believe if you're going to terminate, not I believe, but I think the case law is clear. If you're going to terminate a parent, you have to clearly show in the record and in your findings that, first off, clear and convincing evidence has shown you that these parents are unfit. Okay. Well, now you're arguing the sufficiency of the evidence, though. And I'm just wondering about the procedural. I mean, no doubt this is a – there were procedural issues here in the orders and so forth and when they were entered and all that. But – and I guess what I'm saying is, you know, if all the evidence was there and none of that evidence is against the manifest way to the evidence, is that a problem? Well, I – If this order was vacated, then reinstated, not pro tonque and – Your Honor, I believe it is, and there are a couple of cases, I believe, which we cited that talk about having this two-part procedure that I've talked about. And the reason for that – and I wasn't trying to get enough proof – but the reason for that, they say, is to prevent co-mingling of issues, being unable to determine what the judge was really deciding. And if you look at that first order, all right, what is the prejudice? That's what you've asked me, so I'm going to answer that. If you look at that first order, we don't know, based upon the judge's ruling, what he considered. In other words, he goes and looks at all this and basically says, you're terminating it. Okay. Was he looking at best interest? Was he looking on that standard? Was he looking at clear and convincing evidence? And then he admits, yeah, I messed up. It's vacated. The proper procedure, then, would have been to move to another fitness hearing where the issues clearly be delineated. And the case that we cited in brief is a third district case or fourth, I think. But what it says is the best procedure – I don't think anybody's ever come forward and said you have to do it in two separate hearings. But that court urged people that this would be a better proceeding because there's a clear definition of the two standards that you're going to use because they are different. I think that prejudices her because this co-meeting – we don't know. The first hearing, I don't know what the standard was. It's not clearly set out. He's also considering best interest. What case are you referring to in the third district? For some reason, it's not coming to me. NREDT, I believe, is the case, Your Honor. Well, that's a Supreme Court case. It doesn't exactly rule that. The NREDS, that appears to be a third district case. Yeah, I think that would be. And also, you cite SM as a third district case. Is that the case? Yes. VS is the case, Your Honor. It is a third district case. And it cites to an adoption of SICK also, which is a Supreme Court case, 138, Ill Second, 255, 277. And basically what the court says in that case was that separate fitness, unfitness, and best interest hearings are the better procedure so as to avoid prejudice from considering evidence that is irrelevant to the unfitness question. They also went on to say in there, unless it clearly appears that no prejudice resulted, the conduct of a single commingling of the issues is reversible error. So I think looking at this record, it's clear that the court, we don't know what he was considering because he went ahead and terminated. Did he consider best interest? Did he consider clear and convincing evidence as to get to unfitness? So I do think there's prejudice. It's hard to attack that order because we don't really know what the standard was, what he was doing. Well, I'm looking at the initial order here where he terminated parental rights that was ultimately vacated. And, you know, as you're pointing out, I think it's what you're pointing out in paragraph three of the order says the respondent's parents are hereby found unfit pursuant to 750 ILCS 50 slash 1D. And then it gives the reasons that it doesn't say I find by clear and convincing evidence that they're unfit. So it doesn't give a standard. Right. Now that was vacated though. Correct. But then he came back and that's the only the only finding of unfitness that was there for the other best interest hearing was this which had been vacated. OK, he makes a finding of unfitness. Correct. But it's based on that prior order because there was never another fitness hearing held. And it just repeats that same paragraph three. It doesn't say I make that finding by clear and convincing evidence. Sure. So, Your Honor, what I'm trying to I guess what I'm saying here is procedurally it is a mess. But the problem with the procedure that was used is we can't tell based upon these orders exactly what he relied on. Then at the final hearing, which is another issue we raised, the judge, after the state's attorney closing argument, mentioned some court some of the court file. The judge, after he was done, just took judicial notice of everything in the court file. Much of that evidence, if you look at the record, probably is not admissible even. As hearsay statements and various other things and defense counsel both objected to that because they didn't have a chance then to present evidence in opposition to that. So that's another issue that we have in this case. I mean, it's pretty much the final issue or the third issue that we have. It's not the final. It's the third issue. And that is by allowing that in, we were prejudiced because we didn't have an opportunity to present evidence in opposition. And that's the third argument, which follows these other arguments. I just think we have no idea, really, even looking at this, what the judge's standard was and what evidence he actually relied upon to get to that. And when he says in that first order, I'm terminating, it wasn't even the best interest of hearing. I don't know if he applied preponderance of the evidence to everything to get to this result. He's a good judge. I understand that. But I still think when you're terminating parents' rights, this is a fundamental interest. And I think you have to have proper procedures. I think it deprecates the judicial system, too, basically. Thank you, counsel. You'll have an opportunity to talk about it. Thank you. May I please report, counsel? My name is Sharon Shanahan, and I represent the people of the state of Illinois. I'd like to begin, actually, with the second issue, which is the unfitness question. I'm sorry, the what question? The unfitness, the order of unfitness. I think if you look at the order, the first order that was entered, the order that was entered March 14, 2014, held after a full hearing on unfitness. The order itself. Let's see. The first order was October 1, 2013. You're right. I have the wrong order here in front of me. It is kind of hard to follow these orders. It is. It is. And as you say, I'm certainly not going to come up here and tell you that the trial court did everything right here. I do think you've latched on to the most important thing, and that is that I, like the parents, have been harmed by the errors. But nonetheless, there was a full hearing, and the trial court does enter an order that very carefully and specifically goes through the evidence that was presented, the grounds of unfitness, and finds the parents unfit. There is nothing in the order that tells what standard the trial court used. And quite honestly, I've never heard that argument before today from defense counsel. I mean, you do see a lot of orders that say, I hereby find by clear and convincing evidence that this parent is unfit because we don't have it. I do see it a lot, but I don't have, to my knowledge, there is no requirement that that language be in there. And I think more importantly, when you look at the evidence in this case, which certainly goes to the prejudice in all three of these issues, there's just no doubt that neither parent had made much effort at all to comply with the service plans that had been set forth for them. The mother raises this very issue in her brief, in this fourth issue, and I set forth the facts that were presented after the unfitness hearing that were by the service worker that handled this case from beginning to end. And again, touching on the judicial notice question here, but the service worker that presented the evidence here is the worker that wrote the court reports and he wrote the service plans. And he testified that he made those reports in the course of business. And so we've got, the man has been dealing with these parents, these children all along, as far as the mother is concerned. She didn't get her psychological assessment done in the first six months. She didn't get a substance abuse assessment done. She didn't follow the recommendations of DCFS. She didn't complete, even start parenting classes. She didn't do her mental health counseling. She didn't submit her random drug screens. That's six months after adjudication. A year after adjudication, she has contacted somebody about counseling. She still hasn't made an appointment with a psychiatrist. There's some attempt to complete the mental health and substance assessments. And certainly an assessment just tells you, okay, this is the problem. She was supposed to then follow up with those assessments. She's made some attempt to start them, but she doesn't follow through. She hasn't signed up for parenting classes. And then at the next court hearing, she's testing positive for meth. So that's where I have a hard time finding prejudice in all three of these, and that's why I wanted to spend a moment going through those. But nonetheless, going back to the initial order entered, and it does specifically say that the respondent parents are hereby found unfit. Pursuant to 750-ILCS50-1B, list the specific reasons for it. He does mess up. He does call it an order. Are you referring to the original unfitness order or the non-productive order? I'm referring to the original one. Okay. He does call it an order permitting parental rights. It shouldn't have been called that. And certainly parental rights. If we were coming before this, we wouldn't be coming before this court. That was the order that stood. I have confessed error in this case because you can't terminate parental rights without even having a best interest hearing. But the party said, wait a minute. You can't do that. And the judge said, you're right. And did he then vacate the entire order? Well, that's a really big thing. Wasn't it just like a docket entry? It is. The docket entry says order on such and such date vacated. And there's this discussion later on in which the parents, the counsel for both parents and the judge, and this is on 667 through 669 in the record, but there's this discussion about termination without a best interest hearing. And it says the parties are unclear about whether the docket entry vacated the termination entirely or whether there was a question of whether or not the parents had just been found unfit. And the judge says, we're going to continue this so you can get the transcripts and decide if you want to file some other motions. So that clearly the parties themselves weren't sure. The judge wasn't sure. He gave it back to the parents to say, what do you think? They never filed anything else. And that's the basis of the state's waiver argument. Nonetheless, the question. You agree. You already indicated you agree that there can't be a finding of termination of parental rights without having a best interest hearing. Yes. Can you have a best interest hearing without an on record underlying finding of unfitness? Well, here's the thing. If this is a partially void order, there is no doubt part of it is void. The finding of termination, the finding of best interest is void. But you can have partially void orders, and that is undoubtedly what we have here is a partially void order. And I think that's what the parties were talking about as reflected in the record where they're saying, is this, you know, was the whole order void or was just the best interest? They had an opportunity right there to say, no, this whole thing was void. I mean, they talked about it. The judge says, go get the transcripts, find out. They didn't raise it. Nonetheless, if you look at what is in this order, you've got a pristine finding of unfitness. And what's wrong with that order is it's captioned, and obviously this is the ultimate termination part. But it's not like there is not an express finding that the parents were found unfit under the specific sections of the statute for which they had been, the petition had been filed. So because we have a very specific finding of unfitness, and only part of that order is void, then you have, then we do have a finding. And even if you want to go back to non-protunct, we certainly have a memorandum in the file about what happened, and the judge doesn't change anything. I mean, it's not like he says, oh, you know, I found out some new stuff. This is exactly the order that he made the first time around. So I think it is an appropriate non-protunct order. I don't think he even had to do it, though, because I do really believe that this is just a partially void order. It may be true even though he said it was vacating New Orleans. Yes, because that's a jurisdictional problem, and it is what it is. And I don't think the judge can just flatly throw everything out. And I also think it's not clear at all, because the state's attorney at this time is saying, when this word void is floating around there, the state's attorney says, well, and I'm just paraphrasing here, but he basically says, well, we agree that the termination is void, but we're not saying that the unfitness portion is void. So the question right then and there is in front of everybody saying, well, wait a minute, maybe not the whole thing. But the problem is, regardless of what the parties argued, the judge vacated the entire order. Yes. So he made a ruling. He heard their arguments, and his ruling was, I vacate the order. Well, let's look back at – So on post-trial motion, he vacated the entire order, and then he entered a non-proton order to try to resurrect the unfitness order. He was trying to enter – he was trying to decide. I mean, as I said, the parties discussed this with him. The parties said to him, we're not sure which one this is. And it's interesting, timing-wise, is that immediately after that is when the non-proton order is written. So I think what we have here is a question of what was the judge's intent, what was the knowledge of the parties as far as what happened at that time. Was the non-proton entered by agreement to clarify the record as to what was intended? No. Well, it doesn't say that it's entered by agreement. What we have here is the record says that the parties are unclear whether the docket vacated the termination entirely or whether or not the parents were just found unfit, and therefore we're going to continue it to get the transcripts and see if there are any other motions that the parties want to file, and then the non-proton order is entered. Was the non-proton order entered at another hearing when the parties were all present? No. Where the issue was brought up, or was it just entered by the judge? It was entered after the parties were provided with the transcripts and given the opportunity to raise this question, but no, there was not another hearing. Does that answer your question? That clarifies it. I think the transcripts would probably show more detail. I think we've run into a lot of this partially void language in the unlawful use of weapons by a felon statute, and we find the same thing of that. You say it's void, but in reality, only part of it's void, and I don't know that the fact that the judge says that it's finding was void, and again, I don't think the record is terribly clear that the judge himself is finding the entire order void, certainly the state's attorney. You're right, it's not, but he did vacate it. I mean, the only way to interpret it really is he's vacating the entire order. He just says the order entered at such and such date is vacated. It's gone then, I think. Well, your opinion is going to matter more than this case. Well, you see what I'm saying. I mean, you know, I don't know how else you can. You can't read that and say, oh, he really only meant to vacate part of it when he says the whole thing is vacant. Well, then why did the parties ask him later on what he meant? Because there was a problem with then going on to a best interest hearing with no underlying order finding in fitness. Then why did they, no, why did they at a later point say, we don't know which one this was? This is not, and why did they not, after the judge gave them the opportunity to specifically raise this issue, why didn't they do it then? I mean, it wasn't clear, and that's why they talked about it at a later point, and that's why they were given the opportunity to brief the issue, and I think that's why the judge entered the No Critical Order. I think this was the solution to the problem was. Should somebody's parole rights be terminated in a proceeding that is unclear to the attorneys, the judge, and everybody, all the legal professionals involved, and nobody seems to know what's going on, and they all have questions about what the deal is? I mean, should we really take that and go, ah, it's close enough? I don't think that it was unclear. I think we have a very definite finding of unfitness. The problem was that there was no best interest hearing. So then there was a very definite best interest hearing, and then we have an order terminating parole rights. That's what happened in the case. The procedure, the words, the captions, the conclusions were wrong. Nonetheless, there was a finding of unfitness after a full hearing. There was a full hearing on best interest, and at the conclusion of those two hearings, an order terminating parole rights. Thank you, counsel. Mr. Millman. Your Honor, I will keep this brief. In my experience, when the judge vacates an order, that order is vacated. We're not talking about a partially void order. He could have very easily said, if that's what he wanted to do, instead of vacating it, he could have said, I'm vacating that portion of this order which terminates parental rights. And then the other part of that order would stand. Void is different than vacate. Could he even do better than that? He could specifically say the unfitness part stands. Correct. And that's what I think Your Honor is exactly right. This is so confusing. We can't even tell you what happened in this case. Now, what she refers to in the record, and I think if you look at it, when the State's Attorney said, Judge, this order is no good. We need to vacate it. Okay? The State's Attorney said, then, I think, you know, the termination part needs to be gone. But my position is the other could stay. Defense attorneys never said they agreed with that. The judge never ordered anybody to prepare briefs or anything. He wanted the transcripts. So they got the transcripts. This non-protect order was an afterthought when everybody realized, when the judge realized himself, you have to have that order before you look at best interest. And as Your Honors know, we need to know exactly what the judge relied on and what the standard was when he was determining unfitness. Now, contrary to what counsel says, and it really probably doesn't matter in this court, but I always see judges, in our circuit at least, that do say, I find by clear and convincing, blah, blah, blah, blah. And I think that's to make it clear. And under the direction of the V.S. case, that's what they suggest. We don't have co-mingling then. We don't have confusion on an issue as serious as this. You know, there's also the judicial concept that you look at something like this sometimes, and if it's deprecating the judicial system, it can be overturned then as well. Now, there are a lot of things the judge could have done if what he intended was what the state is arguing here today. The judge vacated the entire order. It was gone. The state concedes there should have been a best interest hearing. But what they're here basically arguing is, he didn't have one, but we can still take part of that order, we can put it over here after the best interest hearing has been done, and now we've got to terminate it. I don't think this court should allow that to stand. Parental rights, to terminate them in a proceeding which leaves questions about what standards were applied, what facts were relied upon, and then taking in evidence that the defendants never even got to look at, but I mean they couldn't test it in court. Some evidence could have been considered by the judge. It shouldn't have been. But he took judicial notice. We don't know in the file what he specifically looked at. He could have been communing with things there as well. So I think the V.S. proceeding is the best way. You separate these two things. Does that mean you can't do them on the same day? I've seen them performed on the same day. It's just you make your record very clear. You make the finding by clearing convincing evidence for the unfitness. You start at 1 o'clock and do the best interest hearing. And they just need to be two separate things, and it needs to accurately and clearly delineate what standards were used, what evidence was relied upon. The best interest hearing wasn't even conducted properly, as I noted earlier. He does say in that initial Word 2, he does identify the standard he's using for best interest before he entered that first order terminating. He says the best interest of the children. Well, he identifies that, that that's a standard he was using, but he never identified anything on the termination. So, again, Your Honors, I think we've both made our positions fairly clear. If you have any questions, I'd be happy to answer them. If not, I would just ask that you reverse this finding and then remand it back for further proceedings. It's not like the state's not going to get to present its evidence. It can if it chooses to. Thank you. Thank you, Counsel. We'll take the matter under advisement and issue a decision in due course.